## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 16 2016, 9:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Small
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lucas R. Carter,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 16, 2016

Court of Appeals Case No.
84A04-1509-CR-1336

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1204-FB-1313

**Vaidik, Chief Judge.**

# Case Summary

[1]    Lucas Carter challenges the sufficiency of the evidence supporting his conviction for dealing methamphetamine. Finding that the State presented sufficient evidence to establish Carter's guilt beyond a reasonable doubt, we affirm.

# Facts and Procedural History

[2]    In March 2012, a confidential informant called Vigo County Sheriff's Detective Jim Palmer and said that he believed he could purchase methamphetamine from Carter. Detective Palmer and his team met the informant, and Palmer recorded a phone call from the informant to Carter arranging the purchase of a half-gram of the drug. Palmer then conducted a thorough search of the informant and did not discover any drugs. Palmer placed a hidden camera on the informant to allow for an audio-video recording of the transaction. The informant walked to the agreed-upon location and met Carter. Carter handed something to the informant, and the informant handed Carter three twenty-dollar bills. The two stepped into a dry cleaner to get change for one of the twenties, and Carter gave $10 back to the informant. They exited the store together and went their separate ways. The informant returned to Detective Palmer and handed him methamphetamine that he said he received from Carter.

[3] The State charged Carter with dealing in methamphetamine as a Class B felony. *See* Ind. Code Ann. § 35-48-4-1.1 (West 2012). At trial, the State presented testimony from Detective Palmer and the confidential informant, played the audio recording of the pre-buy telephone call between Carter and the informant, and played the audio-video recording of the actual transaction. The jury found Carter guilty, and the trial court imposed a sentence of sixteen years.

[4] Carter now appeals.

# Discussion and Decision

[5] Carter contends that the evidence is insufficient to support his conviction. In considering such a claim, we consider only the probative evidence and reasonable inferences supporting the verdict. *Wilson v. State*, 39 N.E.3d 705, 716 (Ind. Ct. App. 2015), *trans. denied*. We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorably to the verdict. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[6] Carter challenges the evidence on two grounds. First, he notes that the law-enforcement officers who were involved in the operation lost sight of him and the confidential informant when they went into the dry cleaner. However, he

does not cite any authority for the proposition that the entirety of a controlled buy must be directly visible by law enforcement in order to support a conviction for dealing, and we are aware of none. Furthermore, even if the officers temporarily lost sight of the parties, the activity in the shop (getting change for the twenty) was recorded by the camera on the informant.

[7] Second, Carter argues that the confidential informant was not a credible witness because, among other things, he was dating the same woman as Carter, he was paid $10 for his role in the drug buy (the change from the dry cleaner), and he lied to Detective Palmer about charges he had pending against him. These things may be true, but, as noted above, the informant's credibility was a question for the jury, not for this Court. *See id.*

[8] This is not a close case. Carter was recorded over the phone agreeing to sell methamphetamine to the confidential informant. He then appeared at the agreed-upon location. Detective Palmer searched the informant before the transaction to ensure that he did not have any drugs on him. The informant handed $60 to Carter, and Carter handed something back to the informant. The informant returned to Detective Palmer with methamphetamine, and he testified at trial that he received the drugs from Carter. Finally, the audio-video recording of Carter's interaction with the informant, which was played for the jury and which we have reviewed, is fully consistent with the informant's claim that a drug deal took place. The evidence is more than sufficient to support Carter's conviction.

[9] Affirmed.

Barnes, J., and Mathias, J., concur.